IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BAYER INTELLECTUAL PROPERTY GMBH, BAYER PHARMA AG, and JANSSEN PHARMACEUTICALS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> AUROBINDO PHARMA LIMITED, AUROBINDO PHARMA USA, INC., BRECKENRIDGE PHARMACEUTICAL, INC., MICRO LABS LTD., MICRO LABS USA INC., MYLAN PHARMACEUTICALS INC., PRINSTON PHARMACEUTICAL INC., SIGMAPHARM LABORATORIES, LLC, TORRENT PHARMACEUTICALS, LIMITED, and TORRENT PHARMA INC. <br><br> Defendants. | ) ) ) ) ) ) ) ) C.A. No. 15-902 (SLR) ) ) ) ) ) ) ) ) ) ) ) ) |
| BAYER INTELLECTUAL PROPERTY GMBH, BAYER PHARMA AG, and JANSSEN PHARMACEUTICALS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> INVAGEN PHARMACEUTICALS, INC. <br><br> Defendant. | ) ) ) ) ) ) ) ) C.A. No. 16-064 (SLR) ) ) ) ) ) |

**[PROPOSED] CASE SCHEDULING ORDER**

At Wilmington this ____ day of February 2016, the parties having satisfied their obligations under Fed. R. Civ. P. 26 as described in the court's order for a scheduling conference; and the court having conducted its case management conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.1(a) and (b);

IT IS ORDERED that:

1. **Fact Discovery.**

    (a) All fact discovery shall be commenced in time to be completed by **March 24, 2017**.

    (b) **Initial Disclosures.**[1] Absent agreement among the parties:

    (1) The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) by **March 11, 2016**.

    (2) On or before **March 18, 2016**, plaintiffs shall identify the accused products,[2] as well as the asserted patents the accused products allegedly infringe. Plaintiffs shall produce the file history for each asserted patent.

    (3) On or before **April 18, 2016**, each Defendant Group[3] shall produce to plaintiffs the core technical documents related to the accused products, sufficient to show how the accused products work, including but not limited to a complete copy of each Defendant Group's Abbreviated New Drug Application, and including but not limited to non-publicly available operation manuals, product literature, schematics, and specifications.

    (4) The Court shall thereafter conduct a status conference on **May 3, 2016 at 4:30 p.m.** to ensure that the initial exchanges have been meaningful.

---

[1] The court recognizes that the initial disclosure process contemplated herein has already taken place, in large measure, through the contents of the Paragraph IV letter in ANDA cases.

[2] Including accused methods and systems.

[3] The "Defendant Groups" are: (1) Aurobindo Pharma Limited and Aurobindo Pharma USA, Inc.; (2) Breckenridge Pharmaceutical, Inc.; (3) Micro Labs Ltd. and Micro Labs USA Inc.; (4) Mylan Pharmaceuticals Inc.; (5) Prinston Pharmaceutical Inc.; (6) Sigmapharm Laboratories, LLC; (7) Torrent Pharmaceuticals, Limited and Torrent Pharma Inc.; and (8) InvaGen Pharmaceuticals, Inc.

2

(5) On or before **May 18, 2016**, plaintiffs shall produce to each Defendant Group an initial claim chart relating the Defendant Group's known accused products to the asserted claims each such product allegedly infringes.

(6) On or before **June 17, 2016**, each Defendant Group shall produce its initial invalidity contentions for each asserted claim, as well as the known related invalidating references.

(7) As these disclosures are "initial," each party shall be permitted to supplement.

(c) **Document Production.**

(1) With respect to any set of requests for the production of documents: all plaintiffs will coordinate with one another and serve joint sets of requests for production on each Defendant Group, and all defendants will coordinate with one another and serve joint sets of requests for production on each Plaintiff Group.[4]

(2) Discovery of paper and electronic documents shall be completed on or before **December 16, 2016**.

(d) **Depositions.**

(1) No depositions shall be scheduled prior to the completion of document production, with the exception of depositions noticed under Fed. R. Civ. P. 30(b)(6) that relate to document collection and production issues, such as the locations and custodians of relevant documents.

---

[4] The "Plaintiff Groups" are: (1) Bayer Intellectual Property GmbH and Bayer Pharma AG; and (2) Janssen Pharmaceuticals, Inc.

(2) The number of depositions (and any other issues related to depositions) shall be addressed by the Court no later than the completion of document production.

(e) **Written Discovery.**

(1) Interrogatories: All plaintiffs will coordinate with one another and jointly serve up to **20** interrogatories on each Defendant Group. All defendants will coordinate with one another and jointly serve up to **20** interrogatories on each Plaintiff Group. In addition, each Defendant Group may serve on each Plaintiff Group up to **5** individualized interrogatories, and each Plaintiff Group may serve on each Defendant Group up to **5** individualized interrogatories. Any additional interrogatories may only be served with leave of court.

(2) Final infringement contentions[5] shall be due on or before **February 13, 2017**.

(3) Final invalidity contentions shall be due on or before **February 27, 2017**.

(4) Requests for Admission: All plaintiffs will coordinate with one another and jointly serve up to **20** requests for admission on each Defendant Group. All defendants will coordinate with one another and jointly serve up to **20** requests for admission on each Plaintiff Group. In addition, each Defendant Group may serve on each Plaintiff Group up to **5** individualized requests for admission, and each Plaintiff Group may serve on each Defendant Group up to **5** individualized requests for admission. Any additional requests for admission may only be served with leave of court. Any requests for admission directed to the authentication of documents are excluded from the limitations above.

---

[5] The adequacy of all such contentions shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

(f)     **Supplementation.**  No later than **February 13, 2017**, plaintiffs must finally supplement, *inter alia*, the identification of all accused products, and no later than **February 27, 2017**, defendants must finally supplement, *inter alia*, the identification of all invalidity references.

2.     **Joinder of Other Parties and Amendment of Pleadings.**  All motions to join other parties shall be filed on or before **September 2, 2016**.  All motions to amend pleadings shall be filed on or before **December 19, 2016**.

3.     **Willfulness.**  Willfulness has not been asserted in this case.

4.     **Settlement Conference.**  Pursuant to 28 U.S.C. § 636, this matter is referred to a Magistrate Judge[6] for the purposes of exploring ADR.

5.     **Claim Construction.**[7]

(a)     The parties shall exchange lists of those claim terms in need of construction (along with their respective proposed constructions) on or before **September 30, 2016**.

(b)     The parties shall agree upon and file a Joint Claim Construction Statement on **October 21, 2016**.  For any contested claim limitation, each party must submit a proposed construction.[8]

---

[6]  The court may also refer ADR to a Special Master.

[7]  The parties must identify, during the claim construction phase of the case, any claim language that will have a meaning to a person of ordinary skill in the art that differs from the ordinary meaning.  Any language not so identified will be construed according to its ordinary meaning.

[8]  Resorting to "plain and ordinary" meaning is not sufficient, as it effectively leaves claim construction in the hands of the experts rather than the court.

(c) Plaintiffs shall jointly serve and file their opening brief on claim construction on or before **November 18, 2016**.

(d) Defendants shall jointly serve and file their answering claim construction brief on or before **December 23, 2016**.

(e) Plaintiffs shall jointly serve and file their reply brief on or before **January 27, 2017**.

(f) Defendants shall jointly serve and file their surreply brief on or before **February 17, 2017**.

(g) The court shall conduct a hearing on claim construction on **March 3, 2017, at 9:30 a.m.**[9]

(h) The court shall issue its decision on claim construction on or before **April 18, 2017**.

(i) The court shall thereafter conduct a status conference on **May 2, 2017, at 4:30 p.m.**, the purpose of which is to discuss the scope of the case (vis-a-vis the number of patents, claims, products, prior art references, etc.) and determine whether any limits need to be imposed to focus the case prior to expert discovery.

6. **Expert Discovery.**

(a) All expert discovery shall be commenced in time to be completed by **January 19, 2018**.

(b) Opening expert reports on issues for which a party bears the burden of proof—infringement for plaintiffs and invalidity for defendants—shall be served on or before **June 2, 2017**. Plaintiffs' responsive reports on invalidity, including plaintiffs' expert reports

---

[9] Unless otherwise directed, the court shall conduct its proceedings in courtroom 4B, fourth floor United States Courthouse, 844 King Street, Wilmington, Delaware.

6

regarding objective indicia of non-obviousness, and Defendants' responsive reports on infringement shall be served on or before **August 11, 2017**. Reply expert reports limited to defendants' responses on objective indicia of non-obviousness shall be served on or before **September 22, 2017**.

   (c) Expert depositions are limited to a maximum of 7 hours on the record per expert, absent agreement of the parties or order of the court.

   (d) The court shall conduct an in-person status conference on **January 24, 2018 at 4:30 p.m.**, if the parties have any issues regarding expert discovery. No *Daubert* motions or motions to strike expert testimony shall be filed unless discussed with the court at this conference and the court deems a motion practice appropriate.

   7. **Fact Witnesses to be Called at Trial.** Within one (1) month following the close of expert discovery, each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give fact testimony) who has previously been disclosed during fact discovery that it intends to call at trial. Within one (1) month of receipt of such fact witness list, each party shall serve a list of each rebuttal fact witnesses disclosed during fact discovery that it intends to call at trial. It is expected that all such witnesses have been vetted during the fact discovery process.

8. **Motion Practice.**

There being no issues triable to a jury in this case at this time, a party may only file a motion for summary judgment if that party first obtains permission from the Court to do so.

9. **Communications with the Court.**

(a) Absent express approval by the court, any application to the court for relief shall be by written motion filed with the clerk. The court will not consider applications and requests submitted by letter or in a form other than a motion.

(b) No telephone calls shall be made to chambers.

(c) Any party with an **emergency** matter requiring the assistance of the court shall e-mail chambers utilizing the "E-mail Request for Emergency Relief" and "Opposing Counsel's Response" forms posted on the court's website and e-mail the completed forms to slr_civil@ded.uscourts.gov. The e-mail shall provide a short statement describing the emergency. **NO ATTACHMENTS** shall be submitted in connection with said e-mails.

(d) To be considered timely filed, all papers shall be electronically filed on or before 6:00 p.m. Eastern Time.

10. **Motions in Limine.** No motions in limine shall be filed. Instead, the parties shall be prepared to address their evidentiary issues at a pretrial conference and during trial (before and after the trial day).

11. **Pretrial Conference.** A pretrial conference shall be held on **February 15, 2018, at 4:30 p.m.** The Federal Rules of Civil Procedure and D. Del. LR 16.3 shall govern the pretrial conference.

12. **Trial.** This matter is scheduled for a 7-day bench trial commencing on **March 5, 2018, at 9:30 a.m**. For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their evidence and argument.

13. **Service and Timing.** The parties agree to service by email, in accordance with Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure. Service on any party by email shall be made on both local and lead counsel of that party. The parties further agree to modify the operation of Fed. R. Civ. P. 6(d) such that when service is made under any permissible method (including via email and/or hand delivery), three days shall be added to the time to respond. Thus, for clarity, were a party to serve a written discovery request on an opposing party both by hand and via email, the opposing party would have an additional three days to respond.

_____
United States District Judge