IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BAYER INTELLECTUAL PROPERTY GMBH, BAYER PHARMA AG, and JANSSEN PHARMACEUTICALS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> AUROBINDO PHARMA LIMITED, AUROBINDO PHARMA USA, INC., BRECKENRIDGE PHARMACEUTICAL, INC., INVAGEN PHARMACEUTICALS, INC., MICRO LABS LTD., MICRO LABS USA INC., MYLAN PHARMACEUTICALS INC., PRINSTON PHARMACEUTICAL INC., SIGMAPHARM LABORATORIES, LLC, TORRENT PHARMACEUTICALS, LIMITED, and TORRENT PHARMA INC., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) C.A. No. 15-902 (RGA) ) CONSOLIDATED ) ) ) ) ) ) ) ) ) ) ) |

## STIPULATION AND PROPOSED ORDER

This Stipulation is made by and between (1) Bayer Intellectual Property GmbH, Bayer Pharma AG, and Janssen Pharmaceuticals, Inc. (collectively "Plaintiffs") and (2) InvaGen Pharmaceuticals, Inc. ("InvaGen").

WHEREAS Plaintiffs filed suit against InvaGen in the above-captioned case asserting infringement of U.S. Patent Nos. 7,157,456; 7,585,860; and 7,592,339 ("the patents-in-suit") under 35 U.S.C. § 271(e)(2) (the "Action");

WHEREAS Plaintiffs and InvaGen wish to stay the Action as against InvaGen;

WHEREAS Plaintiffs and InvaGen wish for InvaGen to be bound by the final judgment as it pertains to the patents-in-suit in the Action; and

NOW THEREFORE, Plaintiffs and InvaGen, by and through their respective undersigned counsel in the Action, and subject to the approval of the Court, stipulate and agree as follows:

1. The Action will be stayed as between Plaintiffs and InvaGen.

2. Once this Stipulation and Proposed Order has been approved by the Court, the proceedings involving InvaGen are stayed until such time as final judgment is entered by this Court following actual litigation on the merits in the Action (i.e., excluding judgment that is entered as a result of settlement, consent judgment, stipulated judgment, or other judgment or disposition that is not an actual contested decision on the merits in the Action).  That is, InvaGen will not participate in the Action, and as such will not, for example, produce any additional documents, participate in or be subject to any depositions, submit any expert reports, file any pleadings, or appear at the trial in this matter.

3. If the Action as to all other Defendants is resolved by settlement or any other type of stipulated, consent or otherwise agreed final judgment prior to the entry of a final Judgment on the merits by the Court, the parties agree that the stay of the Action shall be lifted upon the request and motion of any party.

4. InvaGen agrees to be bound by any final judgment, including any injunction, rendered in this Action as to any other Defendant or Defendants, as if the case against InvaGen had not been stayed.

    a. Notwithstanding the above, any final judgment entered in the Action concerning the issues of willful infringement and/or exceptional case under 35 U.S.C. § 285, or costs under 28 U.S.C. § 1920, or any other decision or ruling on fees or costs,

shall not be entered against Plaintiffs or InvaGen as it pertains to the Action as against InvaGen. Plaintiffs and InvaGen agree to waive any claim for attorneys' fees and/or costs against the other.

5. If the Court holds that any Defendant remaining in the Action infringes any of the claims of the patents-in-suit, InvaGen will be held to infringe those claims as well.

6. If a final judgment regarding the validity is entered in Plaintiffs' favor as to any of the other Defendants in the Action with respect to any of the patents-in-suit, final judgment will be entered in Plaintiffs' favor against InvaGen as well with respect to the same patent or patents.

7. If a final judgment regarding validity is entered in favor of any of the other Defendants in the Action with respect to any of the patents-in-suit, final judgment will be entered in InvaGen's favor as well with respect to the same patent or patents.

8. InvaGen and Plaintiffs retain the right to file an appeal from the judgment by the District Court in the Action and to challenge on appeal the merits of the final judgment.

| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | CAESAR RIVISE, PC |
|---|---|
| */s/ Derek J. Fahnestock* | */s/ R. Touhey Myer* |
| Jack B. Blumenfeld (#1014)<br>Rodger D. Smith (#3778)<br>Derek J. Fahnestock (#4705)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>(302) 658-9200<br>jblumenfeld@mnat.com<br>rsmith@mnat.com<br>dfahnestock@mnat.com<br><br>*Attorneys for Plaintiffs Bayer Intellectual Property GmbH, Bayer Pharma AG, and Janssen Pharmaceuticals, Inc.* | R. Touhey Myer (#5939)<br>800 North King Street, Suite 304<br>Wilmington, DE 19801<br>(302) 544-9100<br>tmyer@crbcp.com<br><br>*Attorneys for Defendant InvaGen Pharmaceuticals, Inc.* |

3

Dated:  May 5, 2017

                                SO ORDERED this ____ day of May, 2017.

                                                    _____
                                                    United States District Judge

11025799